UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSHUA TAFT,

      Plaintiff,

v.

RICK WHITNEY, et al.,

      Defendants.

22-CV-06279-MAV-CDH
DECISION AND ORDER

## INTRODUCTION

*Pro se* plaintiff Joshua Taft ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants retaliated against him in violation of his First Amendment rights in connection with his employment at, and separation from, the Allegany County Sheriff's Office. ECF No. 30. On February 21, 2025, United States Magistrate Judge Colleen D. Holland, to whom the case is referred pursuant to 28 U.S.C. § 636(b)(1), ECF No. 83, issued a Decision and Order ("D&O")/Report and Recommendation ("R&R"), ECF No. 84, addressing Plaintiff's motion for leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a), ECF No. 61 (the "motion to amend"). Judge Holland granted Plaintiff's motion to amend in part but issued an R&R recommending that the District Court deny the rest of Plaintiff's motion on the ground that Plaintiff's proposed amendments were futile. ECF No. 84 at 2. Plaintiff filed timely objections to the R&R, ECF No. 89, and the Defendants submitted a response. ECF No. 97. The case was transferred to the undersigned on February 10, 2025.

The Court has reviewed the parties' submissions and fully adopts the recommendation of the R&R (ECF No. 84) to deny Plaintiff's motion to amend as futile. Accordingly, Plaintiff's motion to amend, ECF No. 61, is denied with prejudice with respect to the claims asserted therein, except as otherwise granted by Judge Holland.

## FACTUAL BACKGROUND

Unless otherwise noted, the following facts are taken from Plaintiff's proposed second amended complaint (ECF No. 61–1), which are largely identical to the facts alleged in Plaintiff's currently operative amended complaint (ECF No. 30), and from the exhibits attached to the amended complaint, which Plaintiff requests to be carried over to the proposed second amended complaint. ECF No. 61 at 2.[1] The Court assumes the reader's familiarity with the facts and history of this case. The Court adopts the facts as set forth in Judge Holland's D&O/R&R and reiterates the following.

This case arises out of Plaintiff's employment as a corrections officer for the Allegany County (the "County") Sheriff's Office (the "Sheriff's Office"). ECF No. 61–1 at 10. While he was employed by the Sheriff's Office, Plaintiff was represented by the American Federation of State, County, and Municipal Employees ("AFSCME") Local 82. *Id.* After an incident in which Plaintiff felt he was unfairly disciplined, Plaintiff apparently became dissatisfied with the union's representation and sought to withdraw from the union and to cease having union dues deducted from his pay. *Id.*

---

[1] Page references herein are to those automatically generated by the Court's CM/ECF system and located in the header of each page.

at 13. On January 20, 2020, and then again on February 3, 2020, Plaintiff completed an "opt-out application" through a third-party organization, New Choice NY, but did not receive a response from the County after either application. *Id.*; ECF No. 30 at 82–83. Plaintiff later sent a letter to the County payroll office informing it that he was resigning his membership in the union and no longer authorized the deduction of any union dues or fees from his paychecks. ECF No. 30 at 84. The County apparently stopped deducting union dues from Plaintiff's pay as of January 11, 2021. ECF No. 40 at 8–9. Plaintiff was no longer a member of the union as of February 23, 2021. ECF No. 30 at 102.

Following his withdrawal from the union, Plaintiff alleges that he was subjected to negative treatment, including with respect to time-off allegedly being manipulated in order to make it more difficult for other employees to cover his shifts. ECF No. 61–1 at 14–17. An example of the purported negative treatment occurred on August 1, 2021, when due to becoming "extremely upset at being subjected to the negative treatment," he asked Defendant Craig Cornell, the County Corrections Sergeant, "for relief to go home early" since he felt that "he was not able to perform his job duties to the best of his ability." *Id.* at 18. Before leaving, Plaintiff told Cornell that "he was done dealing with this place because of being subjected to the harassment and false accusations made by this department[.]" *Id.* at 18. Cornell then emailed Defendants Christopher Ivers, the County Jail Administrator; Rick Whitney, the County Sheriff; and Kevin Morsman, the County Assistant Jail Administrator, claiming that Plaintiff told him that he was never coming back again. ECF No. 30 at

3

115. In another email, Cornell told them that Plaintiff had quit. *Id.* at 116. Plaintiff denies that he quit. *Id.* at 118.

On August 2, 2021, Plaintiff met with Whitney and Morsman to discuss the events that occurred on August 1, 2021. ECF No. 61–1 at 19. Whitney told Plaintiff that "as far as I'm concerned you quit," "I can probably tell ya right up front you're going to be terminated for this," and "you can make a resignation and get it to me so that's in your file instead of a termination or, or you can be terminated[.]" ECF No. 30 at 119. Whitney and Morsman suspended Plaintiff without pay for 30 days pending an investigation. ECF No. 61–1 at 19.

Following that meeting, Plaintiff contacted Harold Budinger, the County Personnel Officer, who told Plaintiff there would be an investigation and a disciplinary hearing. *Id.* at 20. On August 4, 2021, Ivers left Plaintiff a voicemail informing him that the scheduled interview was cancelled. *Id.* That same day, Ivers submitted a memo to Whitney regarding his investigation into the incident, in which Ivers concluded that Plaintiff "resigned his position on Sunday Morning August 1, 2021[.]" ECF No. 30 at 131.

On August 6, 2021, Plaintiff received a letter from the County Civil Service Department stating that his health benefits would be terminated on August 31, 2021, for the stated reason of "End of Employment." ECF No. 61–1 at 20. Thereafter, Plaintiff contacted Kim Francisco, County Deputy Personnel Officer, to inquire further about the letter and was told that Budinger, her supervisor, was notified by

4

either Whitney or Ivers that Plaintiff's employment had been terminated. *Id.* at 20–21.

On August 10, 2021, Plaintiff received a call from Ivers, who told Plaintiff that Whitney had directed him to investigate the incident on August 1, 2021. *Id.* at 21. Ivers told Plaintiff that his conclusion was that Plaintiff had quit. *Id.* When Plaintiff tried to dispute Ivers' account of the incident, Ivers told Plaintiff that "regardless of what your position is, it is my position that you quit[.]" *Id.*

## PROCEDURAL HISTORY

As Judge Holland observed, this case has an extensive procedural history. Briefly, Plaintiff commenced this action on June 21, 2022, ECF No. 1, and filed an amended complaint on September 5, 2023. ECF No. 30. Defendants then moved to dismiss the amended complaint. ECF No. 36.

On April 9, 2024, Judge Geraci rendered a decision on Defendants' motion, dismissing several of Plaintiff's claims, as discussed further below, but denying their motion with respect to the following claims: (1) Plaintiff's First Amendment retaliation claim against Ivers; Cornell; Andrew Keiser, the County Corrections Sergeant; Kimberly Reynolds, the County Corrections Sergeant; and Matthew Tronetti, the County Corrections Corporal, for the alleged harassment subsequent to Plaintiff's withdrawal from the union and (2) Plaintiff's First Amendment retaliation claim against Whitney and Ivers for their conduct in connection with Plaintiff's alleged involuntary resignation. ECF No. 43 at 9–14, 17, 22–23.

Judge Geraci dismissed several of Plaintiff's claims, including, as relevant here: (1) that the County and Budinger violated Plaintiff's First Amendment rights under *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 585 U.S. 878 (2018), by continuing to deduct union dues from his pay despite his withdrawal from the union, *see* ECF No. 43 at 7–9; (2) that the County and Budinger violated Plaintiff's First Amendment rights by subjecting him to an involuntary resignation in retaliation for his withdrawal from the union, *see id.* at 13–17; and (3) that the County, Whitney, and Budinger violated Plaintiff's due process rights under the 14th Amendment by subjecting him to an involuntary resignation without affording him the pre-termination procedural protections set forth in New York Civil Service Law § 75. *See id.* at 17–20.[2]

However, Judge Geraci advised Plaintiff that he "may seek leave to add the County as a defendant with respect to his *Janus* and First Amendment retaliation claims," should he request to file a second amended complaint. *Id.* at 23. Judge Geraci also advised Plaintiff that he could potentially reassert a due process claim in a subsequent amended complaint if he presented a different underlying theory. *See* ECF No. 47.

On July 31, 2024, Plaintiff filed the instant motion for leave to file a second amended complaint. ECF No. 61. Plaintiff proposed the following amendments: first,

---

[2] Plaintiff did not name the County as a defendant in his amended complaint; however, because Plaintiff referenced the County as a defendant in his motion papers and sued every defendant in their official capacity, Judge Geraci treated the County as a formally named defendant for purposes of adjudicating the motion to dismiss. ECF No. 84 at 6 n.4.

Plaintiff requested to add the County as a defendant, and in doing so, reassert his previously dismissed claims against the County for violation of his First Amendment rights under *Janus* and for First Amendment retaliation in connection with his alleged involuntary resignation; second, Plaintiff sought to reassert a due process claim against the County, Budinger, Whitney, Ivers, and Morsman; and third, Plaintiff sought to voluntarily remove Defendants Andrew Bigelow, the County Sheriff's Lieutenant, and Francisco. *Id.* at 2. Defendants opposed the motion. ECF No. 65.

On February 21, 2025, Judge Holland issued a D&O/R&R, granting Plaintiff's motion in part but recommending that the rest of his motion be denied as futile. ECF No. 84 at 2, 18. Judge Holland granted Plaintiff's motion to terminate Bigelow and Francisco as defendants. *Id.* at 18. However, since the filing of a second amended complaint was not necessary to achieve that result, Plaintiff was not permitted to file a second amended complaint. *Id.* Judge Holland also directed the Clerk of Court to terminate Morsman as a defendant because all of the claims asserted against him had previously been dismissed. *Id.* Judge Holland recommended that the District Court deny as futile Plaintiff's requests to add the County as a defendant, to assert First Amendment claims against the County, and to reassert his due process claim. *Id.*

## STANDARDS OF REVIEW

### I.    Review of Reports and Recommendations

Because Judge Holland is recommending that Plaintiff's motion to amend be denied on futility grounds, the Court reviews those determinations under a *de novo* standard of review. *See Briggs v. Cnty. Of Monroe*, 215 F. Supp. 3d 213, 215 (W.D.N.Y. 2016) (collecting cases contemplating the denial of a motion to amend based on futility as a dispositive decision). "Of course, this *de novo* standard of review applies to only those portions of the Report and Recommendation to which objections were filed." *Id.* To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *United States v. Hunt*, 440 F. Supp. 3d 221, 224 (W.D.N.Y. 2020) (quotation omitted); *see Briggs*, 215 F. Supp. 3d at 215; Loc. R. Civ. P. 72(b) ("Written objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identity the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report and recommendation only for clear error. *Blackhawk v. Hughes*, No. 9:20-CV-0241(LEK/TWD), 2021 WL 752838, at *1 (N.D.N.Y. Feb. 26, 2021). A district court "may accept, reject, or modify the recommended disposition [in

the R&R]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).

## II.     Motions to Amend

A decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[l]eave may be denied for good reason, including futility[.]" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quotation omitted). "Proposed amendments are futile, and thus must be denied, if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 252 (2d Cir. 2017) (quotation omitted); *see Polanco v. NCO Portfolio Mgmt., Inc.*, 23 F. Supp. 3d 363, 369 (S.D.N.Y. 2014) ("[W]hen a proposed amendment is challenged as 'futile,' the Rule 12(b)(6) standards become relevant."). "Thus, a court must review whether an amendment adds any new facts, accepted as true, that 'state a claim for relief that is plausible on its face.'" *Morales v. New York Univ.*, 585 F. Supp. 3d 610, 613 (S.D.N.Y. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A facially plausible claim requires the plaintiff to plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quotation omitted).

"[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quotation and brackets omitted); *see also Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss.") (quotation and brackets omitted). "'[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 679).

"In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Revitalizing Auto Communities Env't Response Tr. v. Nat'l Grid USA*, 92 F.4th 415, 436 (2d Cir. 2024) (quotation omitted). "Moreover, even if a document is not expressly incorporated by reference, the court may still consider it if the complaint relies heavily upon its terms and effect, rendering the document integral to the complaint." *Id.* (quotation omitted).[3]

---

[3] Here, Plaintiff requests that the exhibits attached to his amended complaint (ECF No. 30 at 19–135) be "move[d] over" and considered along with his proposed second amended complaint. ECF No 61 at 2. For purposes of addressing Plaintiff's objections to the R&R, the Court will consider the exhibits attached to Plaintiff's amended complaint as though they were attached to his proposed second amended complaint.

## DISCUSSION

Plaintiff makes the following objections to the R&R: first, that the magistrate judge erred by precluding him from adding the County as a defendant with respect to his *Janus* claim and First Amendment Relation claim, ECF No. 89 at 2–3, and second, that the magistrate judge erred by not allowing him to amend his due process claim. *Id.* at 4–6. Defendants respond that Judge Holland's R&R should be adopted in its entirety. ECF No. 97 at 7. The Court has carefully reviewed the parties' papers, as well as Judge Holland's thorough R&R, and overrules Plaintiff's objections to the R&R for the reasons stated below.

## I. Adding the County as a Defendant

### A. *Janus* Claim

In *Janus*, the Supreme Court held that "[s]tates and public-sector unions may no longer extract agency fees from nonconsenting employees . . . Neither an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." 585 U.S. at 930.

In his amended complaint, Plaintiff alleged that the County and Budinger, the County Personnel Officer, violated his First Amendment rights under *Janus* by failing to stop the withdrawal of union dues from his pay after he notified them of his withdrawal from the union through a letter to the payroll office and two opt-out applications submitted through New Choice NY, a third-party organization. ECF No. 30 at 13; ECF No. 40 at 6.

11

Judge Geraci dismissed Plaintiff's *Janus* claim because he "fail[ed] to allege that he properly notified the *union* [as opposed to the County] in the manner required by his authorization card (or other union-membership agreement)," or "that either the third-party service furnished the union with Plaintiff's withdrawal request, or that such a request would have been permissible under his authorization card or other membership agreement." ECF No. 43 at 9 (emphasis in original). Absent such allegations, the Court could not conclude that the County or Budinger acted in violation of the First Amendment when they continued to deduct dues from Plaintiff's paychecks after January 2020 until Plaintiff's formal withdrawal from the union. *Id.*

Nevertheless, Judge Geraci allowed Plaintiff to seek leave to add the County as a defendant with respect to his *Janus* claim, ECF No. 43 at 23, which Plaintiff eventually did. ECF No. 61. In reviewing Plaintiff's proposed second amended complaint, Judge Holland found that Plaintiff's allegations were unchanged. ECF No. 84 at 12 ("Plaintiff still alleges merely that he notified the County—not the union— that he no longer wanted them to deduct union dues from his pay . . . [and] also does not show that his forms of notice were permissible under the authorization card or other membership agreement"). Accordingly, Judge Holland concluded Plaintiff added no new facts that addressed or cured the deficiencies in his amended complaint, as identified by Judge Geraci, and therefore still failed to state a *Janus* claim against the County. *Id.*

In Plaintiff's objection, he argues that the Collective Bargaining Agreement ("CBA") between the County and the union (ECF No 30, Ex. B) did not specifically

require him to make a written request to the union in order to have payroll deductions stopped. ECF No. 89 at 2–3 (highlighting the following language from CBA, Article II, Section 1(c): "Dues and insurance premium authorization cards for checkoff will remain in force until and [sic] employee leaves the employ of the County, or until the employee submits, in writing, a request to have payroll deductions stopped.)." In Plaintiff's view, notice to the union was not required and the purported notice provided to the County was sufficient. *Id.*

The Court overrules Plaintiff's objection. Here, Plaintiff is emphasizing the absence of certain language from a contract that was attached to the amended complaint and, therefore, previously considered by Judge Geraci in deciding to dismiss Plaintiff's *Janus* claim. Plaintiff is not even asserting that he alleged any new facts to cure or address the deficiencies identified by Judge Geraci. *See Ruggiero v. Way*, No. 19-cv-3631, 2020 WL 5126112, at *4 (S.D.N.Y. Aug. 31, 2020) ("[W]here no substantive changes creating plausible claims have been proposed, Plaintiff's motion to amend is denied" as futile); *Bentz v. City of N.Y.*, 249 F. Supp. 3d 640, 644–45 (E.D.N.Y. 2017) (denying motion to amend where proposed amended complaint contained no substantial substantive changes to allegations of original complaint and reflected operative facts essentially identical to those in the original complaint).

Indeed, after a *de novo* review, the Court finds that Plaintiff still alleges merely that he notified the County—not the union—that he no longer wanted them to deduct union dues from his pay. *See* ECF No. 61-1 at 13. Nor does Plaintiff's proposed second amended complaint include any factual allegations that the notice he did provide was

permissible under his authorization card or other membership agreement. Accordingly, Plaintiff added no new facts that address or cure the deficiencies in his amended complaint, and he therefore still fails to state a *Janus* claim against the County.

### B. First Amendment Retaliation Claim

In his second objection, Plaintiff appears to contend that the magistrate judge erred in refusing to allow him to add the County as a defendant with respect to his First Amendment retaliation claim. ECF No. 89 at 3–4 (directing the Court's attention to ECF Nos. 43 at 13; 84 at 12–13). Under this claim, Judge Geraci considered whether Plaintiff plausibly alleged that "the County, Whitney, Budinger, and Ivers pretextually treated his conduct on August 1, 2021 as a resignation, and did so in retaliation for his withdrawal from the union." ECF No. 43 at 13.

Judge Geraci dismissed this claim to the extent it was asserted against Budinger and the County. ECF No. 43 at 14. With respect to the County, Judge Geraci concluded that Plaintiff failed to show that a municipal policy or custom caused the deprivation of his constitutional rights, as required under *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978). *Id.* at 15. Judge Geraci rejected Plaintiff's argument that the County may be held liable under § 1983 for the actions of Whitney and Budinger because they hold "policy-maker positions" for the County. *Id.* at 16–17. With respect to Whitney, Judge Geraci found that Plaintiff "failed to make any nonconclusory allegation that Whitney has final policymaking authority with respect to discipline." *Id.* at 17. With respect to Budinger, Judge Geraci found that, even if Budinger is a

14

final policymaker with respect to personnel decisions, Plaintiff failed to allege Budinger's personal involvement in the unconstitutional action, as his conduct was limited to, at most, "going along with Whitney's impermissible decision to treat Plaintiff's conduct as a resignation." *Id.* at 16.

Nevertheless, Judge Geraci permitted Plaintiff to seek leave to add the County as a defendant with respect to his First Amendment retaliation claim should he seek leave to file a second amended complaint, ECF No. 43 at 23, which Plaintiff ultimately did. ECF No. 61. In reviewing Plaintiff's second amended complaint, Judge Holland found that:

> Plaintiff has added no new facts to show that either Budinger was more involved in the alleged retaliation than previously alleged, or that Whitney had more policymaking authority than previously alleged. Plaintiff also [did] not present an alternative theory under which he may be able to establish an official policy of custom.

ECF No. 84 at 14. Accordingly, Judge Holland concluded that plaintiff still failed to state a claim against the County for First Amendment retaliation. *Id.*

The Court agrees. With respect to Budinger, Plaintiff added no new facts alleging that he was more involved in the alleged retaliation than previously alleged. Nor does Plaintiff dispute this. Instead, Plaintiff objects on the ground that Budinger held a policymaking position with the County by reference to New York County Law §§ 54 and 204, ECF No. 89 at 3, which clearly does not address the deficiencies identified by Judge Geraci. *See* ECF No. 43 at 16 ("[E]ven if Budinger is a final policymaker with respect to personnel decisions, Plaintiff has not alleged Budinger's personal involvement in the unconstitutional action. At most, Plaintiff alleges that

Budinger went along with Whitney's impermissible decision to treat Plaintiff's conduct as a resignation.").

With respect to Sheriff Whitney, Plaintiff continues to advance conclusory allegations that he had final policy making authority with respect to discipline. ECF no. 89 at 3. Plaintiff asserts that because Whitney was actively involved in the interview process and oversaw disciplinary matters, he had final policymaking authority over such matters. However, Plaintiff "do[es] not point to any support for this proposition, which [he] must do" to sufficiently allege that Whitney was a final policymaker with respect to discipline. *See Taranto v. Putnam Cnty.*, No. 21-cv-2455, 2023 WL 6318280, at *7–8 (S.D.N.Y. Sept. 28, 2023) (dismissing *Monell* claim under Fed. R. Civ. P. 12(b)(6), where the plaintiffs failed to point to any support for the proposition that the Putnam County Sheriff had final policymaker authority over the department's practices and policies); *Coppola v. Town of Plattekill*, No. 17-cv-1032, 2018 WL 1441306, at *10 (N.D.N.Y. Mar. 22, 2018) ("[M]inimal, conclusory statements fall far short of satisfying Plaintiff's burden to allege facts creating a plausible inference that either of these defendants were final policymakers. Plaintiff does not direct the Court to New York State law, municipal charters, or any other source that could support her claim.").

In sum, following a *de novo* review, the Court agrees with Judge Holland that Plaintiff has added no new facts to show that either Budinger was more involved in the alleged retaliation than previously alleged, or that Whitney had more policymaking authority than previously alleged. Nor did Plaintiff present an

alternative theory under which he may be able to establish an official policy of custom. Therefore, the Court finds that permitting Plaintiff to add the County to this claim would be futile.[4]

### 2. Due Process Claim

Lastly, Plaintiff objects to Judge Holland's refusal to permit him to reassert his due process claim. ECF No. 89 at 4–6. Under this claim, Judge Geraci considered whether Plaintiff plausibly alleged "that the County, Whitney, and Budinger violated his due-process rights by subjecting him to an involuntary resignation without affording him the pre-termination procedural protections set forth in § 75 [of the New York Civil Services Law]." ECF No. 43 at 17 (citing ECF No. 40 at 6).

Judge Geraci dismissed this claim because even if Defendants had subjected him to an involuntary resignation, Plaintiff's due process rights were not violated because of the availability of the post-deprivation remedy of an Article 78 proceeding under state law. ECF No. 43 at 18 (relying on *Giglio v. Dunn*, 732 F.2d 1133 (2d Cir. 1984), which Judge Geraci found analogous to the present case). The Second Circuit in *Giglio* held that a public employee in New York is "not deprived of due process simply because he failed to avail himself of the opportunity" to bring an Article 78 proceeding challenging the voluntariness of his resignation. 732 F.2d at 1135.

---

[4] The Court understands Plaintiff's objection here to be directed at the County. ECF No. 89 at 2–3. To the extent he is also attempting to reassert this claim against Budinger, his objection is not specifically aimed, and the Court finds no clear error in Judge Holland's conclusion that any such attempt would have been futile. ECF No. 84 at 13 n. 8.

Following dismissal of this claim, Plaintiff asked Judge Geraci to reconsider, arguing that Judge Geraci misconstrued the amended complaint as alleging that Plaintiff had resigned when in fact he had not "resign[ed] in any way". ECF 46 at 2. Through a Text Order, Judge Geraci explained that while he accepted Plaintiff's position that Plaintiff had not intended to resign, Plaintiff did allege in his amended complaint that "Defendants *treated* his actions as a resignation, albeit in bad faith . . . [and that] the only dispute between the parties after Plaintiff's separation from employment was whether Plaintiff's conduct in fact constituted a voluntary resignation." ECF No. 47 (emphasis in original). After further explaining his reliance on *Giglio*, Judge Geraci concluded that "Plaintiff cannot establish a due process claim based on his theory that Defendants maliciously and falsely treated his conduct as a voluntary resignation of employment." *Id.* Nevertheless, Judge Geraci permitted Plaintiff to reassert a due process claim in a subsequent amended complaint provided that he "present[ed] a different theory for his due process claim – i.e., that Defendants *treated* him as having been terminated for cause and yet did not provide him with sufficient due process." *Id.*

Upon reviewing Plaintiff's proposed second amended complaint, Judge Holland found that although Plaintiff made minor changes to his second amended complaint (*see* ECF No. 84 at 15–16, comparing ECF No. 30 at 16 ("Claim II"), with ECF No. 61–1 at 22–23 ("Claim II")), "the alleged facts in the proposed second amended complaint are unchanged, and still relate to and support Plaintiff's previously dismissed theory." ECF No. 84 at 16 ("Plaintiff has not added any additional facts to

support a claim that Defendants treated him as being terminated with cause yet failed to provide him with due process, nor any other viable due process claim.").

Here, Plaintiff's objection to the R&R is that the magistrate judge incorrectly referred to his separation from the Sheriff's Office as an "involuntary resignation" as opposed to a "termination," as he claims to have alleged in his amended complaint. ECF No. 89 at 4–5 ("Plaintiff never stated . . . involuntary resignation, this was an error made by the court itself."). Because Plaintiff is merely reasserting contentions that were previously rejected by Judge Geraci upon reconsideration of this claim, *see* ECF Nos. 46–47, the Court reviews Judge Holland's recommendation for clear error. *See Genao v. United States*, No. 08 Civ. 9313, 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011) ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error."); *see also Pandora Jewelry, LLC v. Blue Time, Inc.*, No. 22 Misc. 238, 2025 WL 521384, at *2 (S.D.N.Y. Feb. 15, 2025) (same). Following the Court's review, the Court finds no clear error in Judge Holland's conclusion that "the alleged facts in the proposed second amended complaint . . . still relate to and support Plaintiff's previously dismissed theory." ECF No. 84 at 16. Accordingly, the Court denies Plaintiff's request to reassert this due process claim as futile.

## CONCLUSION

For the forgoing reasons, the Court accepts and fully adopts Judge Holland's recommended disposition (ECF No. 84) as to Plaintiff's motion to amend. Accordingly, Plaintiff's objections to the R&R are overruled, and Plaintiff's motion to amend (ECF

No. 61) is denied with prejudice, except as otherwise granted by Judge Holland. The

case remains referred to Magistrate Judge Holland. *See* ECF No. 83.

SO ORDERED.

Dated:      May 30, 2025
            Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge