UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSHUA TAFT,

                              Plaintiff,

        v.

RICK WHITNEY, *et al.*,

                              Defendants.
_____

**DECISION AND ORDER**

6:22-CV-06279 MAV CDH

## INTRODUCTION

*Pro se* plaintiff Joshua Taft ("Plaintiff") asserts claims pursuant to 42 U.S.C. § 1983 against defendants Rick Whitney (Allegany County Sheriff), Harold Budinger (Allegany County Personnel Officer), Christopher Ivers (Allegany County Jail Administrator), Andrew Bigelow (Allegany County Sheriff's Lieutenant), Kevin Morsman (Allegany County Assistant Jail Administrator), Craig Cornell (Allegany County Corrections Sergeant), Kimberly Reynolds (Allegany County Corrections Sergeant), Andrew Keiser (Allegany County Corrections Sergeant), Matthew Tronetti (Allegany County Corrections Corporal), and Kimberly Francisco (Allegany County Deputy Personnel Officer) (collectively "Defendants"). (Dkt. 30). Plaintiff specifically alleges that Defendants violated his First Amendment rights in connection with his employment at, and separation from, the Allegany County Sheriff's Office. (*Id.* at 4).

Pending before the Court is Plaintiff has filed a fourth motion to appoint counsel. (Dkt. 85; *see also* Dkt. 3; Dkt. 38; Dkt. 57). For the reasons that follow, Plaintiff's motion to appoint counsel is denied without prejudice.

## BACKGROUND

This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (*See* Dkt. 44; Dkt. 83). The Court assumes the parties' familiarity with the factual and procedural background of this matter for purposes of this Decision and Order. The facts and procedure salient to the instant motion are summarized below.

Plaintiff commenced this action on June 21, 2022. (Dkt. 1). The operative pleading is the amended complaint filed September 5, 2023. (Dkt. 30). On April 9, 2024, District Judge Frank P. Geraci, Jr., the then-presiding District Judge, issued a Decision and Order granting in part Defendants' motion to dismiss. (Dkt. 43). In that Decision and Order, Judge Geraci dismissed Plaintiff's claims that: (1) Allegany County ("the County") and Mr. Budinger violated Plaintiff's First Amendment rights under *Janus v. American Federation of State, County and Municipal Employees, Council 31*, 585 U.S. 878 (2018), by deducting union dues from his pay after his alleged withdrawal from his union; (2) the County is liable for violating Plaintiff's First Amendment rights because Mr. Whitney and Mr. Ivers subjected Plaintiff to an involuntary resignation in retaliation for his withdrawal from the union, and; (3) the County, Mr. Whitney, and Mr. Budinger violated Plaintiff's due process rights under the 14th Amendment by subjecting him to an involuntary resignation without the pre-termination procedural protections provided by New York Civil Service Law § 75. (*Id.* at 23).

Judge Geraci further concluded that Plaintiff sufficiently pled: (1) a First Amendment retaliation claim against Mr. Ivers, Mr. Cornell, Mr. Keiser, Ms. Reynolds, and Mr. Tronetti for their alleged harassment of Plaintiff following his withdrawal from the union; and (2) a First Amendment retaliation claim against Mr. Whitney and Mr. Ivers for their conduct in connection with Plaintiff's alleged involuntary resignation. (Dkt. 43 at 22–23). Plaintiff subsequently filed a motion for reconsideration of Judge Geraci's Decision and Order, which was denied. (Dkt. 46; Dkt. 47). The matter was reassigned from Judge Geraci to District Judge Meredith A. Vacca on February 10, 2025.

Plaintiff moved for leave to file a second amended complaint. (Dkt. 61). On February 21, 2025, the undersigned issued a Decision and Order and Report and Recommendation granting Plaintiff's request to remove two former defendants, but recommending that Judge Vacca deny as futile Plaintiff's requests to add the County as a defendant, assert First Amendment claims against the County, and reassert a due process claim. (Dkt. 84 at 2, 18). On May 30, 2025, Judge Vacca issued an Order "fully adopt[ing] the recommendation of the R&R to deny Plaintiff's motion to amend as futile." (Dkt. 103 at 2 (citation omitted)). Plaintiff has sought to appeal Judge Vacca's Order to the United States Court of Appeals for the Second Circuit. (Dkt. 110; *see* Dkt. 111)

Since Plaintiff commenced this action, he has filed three prior motions asking the Court to appoint counsel (Dkt. 3; Dkt. 38; Dkt. 57), all of which the Court denied (Dkt. 7; Dkt. 39; Dkt. 64 at 3).

On March 5, 2025, Plaintiff filed the instant motion asking the Court again to appoint counsel to "participat[e] in mediation . . ., amend[] pleadings, conduct[] discovery, and draft[] corresponding to [sic] motions." (Dkt 98 at 2; *see also* Dkt. 85). Plaintiff argues that because the Court has "misconstrued" his amended complaint and has "misused its discretion[,]" appointed counsel is required "to aid [him] in the continuation of his case [so] that [it] can be written and articulated in such a manner that the court can see and accept it as legally structured and appropriate." (Dkt. 85 at 2).

On March 27, 2025, Defendants filed their opposition, arguing that "no circumstances have changed in this case since [Plaintiff's] last application for counsel to warrant such appointment[,]" Plaintiff is competent enough to litigate his lawsuit, and the necessity for appointed counsel to familiarize themselves with this case would unduly delay the matter.[1] (Dkt. 95 at 2). Plaintiff filed a reply on April 7, 2025.[2] (Dkt. 98).

---

[1]   Local Rule of Civil Procedure 7(a)(3) provides that, with limited exceptions not applicable here, "motions *and opposition to motions* shall be supported by at least one (1) affidavit, declaration or affirmation, and by such other evidence . . . as appropriate to resolve the particular motion. Failure to comply with this requirement may constitute grounds for resolving the motion against the non-complying party." Loc. R. Civ. P. 7(a)(3) (emphasis added). The Court, in its discretion, considers Defendants' arguments in opposition to Plaintiff's motion even though they have not included an affidavit, declaration, or affirmation as required by Local Rule 7. *See KeyBank Nat'l Ass'n v. Beauty Quest Skincare, LLC*, No. 1:21-CV-778, 2022 WL 1488676, at *2 (W.D.N.Y. May 11, 2022) ("It is within the district court's discretion to excuse non-compliance with local rules."). The Court, however, cautions Defendants that all future filings must adhere to the Local Rules.

[2]   While Plaintiff filed a reply without first requesting permission in his motion, the Court, in its discretion, nevertheless considers the arguments therein. *See* Loc. R.

## DISCUSSION

### I. Legal Standard

Parties have no right to appointed counsel in civil cases, unlike in a criminal matter. *See Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). The Court nevertheless has the discretion to appoint counsel to assist an indigent litigant pursuant to 28 U.S.C. § 1915(e). *See Sears, Roebuck and Co. v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has discretion to assign pro bono counsel in civil cases. *Id.* In exercising its discretion, the Court must consider carefully whether appointment of counsel is warranted in a particular civil matter, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

When deciding whether to grant a motion to appoint counsel in a civil case, courts in this Circuit consider various factors, including: (1) whether the claims seem likely to be of substance; (2) whether the litigant can investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why

---

Civ. P. 7(a)(1) ("A moving party who intends to file and serve reply papers must so state in the notice of motion. Reply papers filed without prior notice or authorization may be stricken."). Plaintiff is also advised that his future filings must adhere to the Court's Local Rules.

appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986). "Only after an initial finding that a claim is likely one of substance, will [a court] consider secondary factors[.]" *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citation omitted). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Id.*

## II. Motion for Appointment of Counsel

The Court will assume for purposes of the instant motion that at least one of Plaintiff's claims is likely to be of substance. Even making such an assumption, the balance of the remaining factors weigh against appointment of counsel at this stage of the proceedings.

Plaintiff's arguments for appointment of counsel center on his disagreements with the Court's legal analysis in prior rulings. Particularly, Plaintiff disagrees with the Court's use of the phrases "involuntary resignation" and "sham resignation," and its dismissal of his First Amendment *Janus* claim and due process claim. (*See* Dkt. 85 at 2–3). In essence, Plaintiff asserts that Judge Geraci's decision to dismiss Plaintiff's First Amendment *Janus* and due process claims (Dkt. 43 at 23), the undersigned's recommendation that Judge Vacca deny Plaintiff's attempt to revive those claims (Dkt. 84 at 1 n. 1, 2, 18), and Judge Vacca's adoption of that recommendation (Dkt. 103 at 2) are incorrect, and that appointed counsel would help

Plaintiff prove as much. Plaintiff's disagreement with the Court's legal analysis, however, is not a basis for appointment of counsel. The litigation process provides avenues for the correction of legal error, and Plaintiff can seek review of the Court's rulings at the appropriate stage of the proceedings.

Further, and as Defendants persuasively highlight, certain of Plaintiff's claims "have survived Defendants' motion to dismiss, showing that the Court found Plaintiff was capable of assembling a cognizable, coherent theory of relief." (Dkt. 95 at 4). Consequently, the Court finds Plaintiff has demonstrated the "ability to understand and handle the litigation." *Griggs v. Schmauss*, 668 F. Supp. 3d 168, 172 (W.D.N.Y. 2023). Notably, Plaintiff has amended his complaint (*see* Dkt. 29), guided two claims through one of Defendants' motions to dismiss (*see* Dkt. 43 at 22–23), cogently corresponded with the Court and opposing counsel, and engaged in motion practice. And while the Court has disagreed with certain of Plaintiff's legal arguments, he has adequately presented them for consideration.

The Court is further unpersuaded that the issues in this case are particularly complex. Judge Geraci noted in denying Plaintiff's second motion to appoint counsel that the "underlying factual events involve[] a series of workplace disputes that do not appear to be unusually complicated." (Dkt. 39). The Court does not see, nor does Plaintiff articulate, any change in the underlying facts here indicating an increase in complexity.

The Court is also unpersuaded by Plaintiff's argument that it is "questionable if the court is able to appropriately read all information and evidence and make any

judgments and decisions related to this case without viewing Plaintiff negatively due to his Pro Se status." (Dkt. 85 at 20). The record before the Court does not support this assertion, but instead demonstrates that the Court has afforded Plaintiff the special solicitude due to him as a *pro se* litigant. (*See*, *e.g.*, Dkt. 39 ("because Plaintiff is proceeding *pro se*, this Court is obliged to carefully and thoroughly analyze Plaintiff's claims and allegations in connection with any potential dismissal" (citation omitted)); Dkt. 43 at 12 (declining to dismiss Plaintiff's First Amendment retaliation claim partly "in light of his *pro se* status"); Dkt. 47 (denying Plaintiff's motion for reconsideration of his due process claim but presenting Plaintiff with a potential theory "to [successfully] add that claim to any subsequent amended complaint"); Dkt. 59 at 3 ("Given Taft's *pro se* status, the Court will permit Taft additional time to file a motion seeking leave to file the proposed second amended complaint"); Dkt. 64 at 3 (assuring Plaintiff that his *pro se* status will not prejudice him during mediation)). The Court will continue, in accordance with the law in this Circuit, to construe Plaintiff's submissions liberally and to interpret them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

As for Plaintiff's request for counsel to aid him in mediation, which he previously attempted to opt out of (Dkt. 51; *see* Dkt. 53), the Court echoes the assurance of Magistrate Judge Marian W. Payson, to whom the matter was then referred, and who explained in her denial of Plaintiff's third motion for appointed counsel that "the Court's mediators are experienced in handling mediations with *pro*

*se* litigants." (Dkt. 64 at 3). The Court has no reason to conclude that Plaintiff will be unable to adequately represent himself in connection with the mediation process.

The Court has considered the remaining relevant factors and concluded that none justify the appointment of counsel at this time. Consequently, Plaintiff's motion for appointment of counsel (Dkt. 85) is denied without prejudice.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for appointment of counsel without prejudice. (Dkt 85).

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         August 19, 2025